JUSTICE TRIEWEILER
dissenting.
The majority opinion violates the rule that we will not place the District Court in error on the basis of objections raised for the first time on appeal. The theory behind the rule is that in fairness to the parties and the District Court, if one party has an objection to the procedure followed in the District Court, he or she has an obligation to bring it to the attention of the other party and to the District Court so that any error can be cured if possible without the necessary expense of an appeal and further delay. Because there was absolutely no timely objection by the appellant to any aspect of this estate’s *416 administration prior to the entry of the Court’s final decree, I conclude that she waived any objection she may have had to the “First and Final Account and Petition for Distribution of Estate.”
Areview of the actual record in this case suggests just how unusual the majority’s decision is.
Robert E. Melvin died on May 29, 1989, and his son, Paul, was appointed personal representative of his estate on November 9,1989. On November 9, 1990, an inventory and appraisement, listing and describing all of the estate’s assets, was filed in the District Court. It is conceded for purposes of appeal that appellant received a copy of the inventory and appraisement, along with the list of estate expenses which was provided for purposes of determining whether inheritance tax was due.
On September 30,1992, nearly three and one-half years after he applied for informal appointment as personal representative, and nearly three years after his actual appointment, Paul Melvin filed a first and final account and petition for distribution of the estate. Prior to that time, his sister, Carol, had neither appeared in this action nor filed any objection to his appointment nor his handling of the estate.
On October 1,1992, Carol filed a pro se document entitled “Motion for an Order to Require an Accounting.” By that document, she sought “a full and complete accounting of all estate assets.” A list of the estate’s assets at the time of the final account are exactly what was provided in Exhibit A to the personal representative’s petition. Contrary to assertions in the majority opinion, there is no record that appellant ever filed an objection to the final accounting based on the requirements of § 72-3-1005, MCA. Neither is there any indication in the record of the District Court what Carol’s impressions were regarding the existence of a will or that she at any time requested information from Paul about his administration of the estate. After presenting no evidence in the District Court, Carol’s attorney sought to file a bunch of correspondence with the Supreme Court. However, that after-the-fact evidence was appropriately stricken from the record by order of this Court dated May 4,1993.
The District Court held a hearing to consider the personal representative’s petition on October 30,1992. The only witness who testified at the hearing was the personal representative. During the hearing, he was questioned at length by his attorney and the court regarding his disposition of the estate assets. After being provided with notice of the hearing, Carol did not bother to appear. John *417 Melvin, who is Paul and Carol’s brother, did appear and had no objection to the disposition of the estate.
Neither did Carol appear by an attorney. Her husband did appear and advised the court that he obj ected to the approval of the personal representative’s petition on the basis that the income and disbursements of the estate had been inadequately accounted for. While he had no personal standing to assert an objection, was never under oath and subject to cross-examination, and was not authorized by law to represent his wife in this proceeding, this inadequate and 'untimely objection is the first indication of any kind in this record during the three and one-half years since Robert Melvin’s death, that there was any objection to the manner in which the estate was being handled.
Under these circumstances, it is not surprising that the District Corut expressed disapproval of the untimely objection. However, in spite of that fact, the personal representative was told to provide Carol with further information about income and expenses of the estate, and the court gave her ten days from the date of the hearing within which to file an objection.
At the time of the hearing, the District Court stated:
To me, there has never been a question of the accounting story.
You have an opportunity to object to the accounting. He has ten days. And that has to be by certified mail. And we will go from there.
If there is an objection in this regard, I will have a hearing on that objection.
No objection was lodged within the time provided by the corut and the decree was ultimately entered on January 21,1993, nearly three months later.
We do not know what information was provided to Carol, and we do not know when it was provided. There simply is no record of any occurrence after the court hearing until after the court’s decree was entered.
The court’s decree approving the final account of the personal representative was entered on January 21,1993, nearly three months after the hearing on the personal representative’s petition. No formal objection was filed by Carol during the intervening period of time.
On February 1, 1993, an attorney first appeared as counsel of record for Carol. On that same date, an objection to the personal representative’s account was first filed on her behalf. However, the *418 certificate of mailing indicates that it was not mailed to the personal representative until February 18,1993, one day prior to Carol’s notice of appeal to this Court.
Contrary to the statement in the majority opinion, there is no evidence in this record that the personal representative first provided Carol with a copy of the check register and some bank statements on January 25,1993.
On this record, the majority has taken upon itself to first strike evidence offered for the first time on appeal, and then rely on it in its opinion. The majority has decided issues on appeal that were never raised in an appropriate nor timely fashion in the District Court.
At best, this case is precedent for approval of pretty sloppy and untimely legal work. At worst, no district court nor personal representative can close an estate in the future in reliance on the status of the record at the time the proposed decree is entered.
For these reasons, I dissent from that part of the majority opinion which sets aside the District Court’s decree of distribution.